Matthew C. Sgnilek, Esq. (SBN 235299)
msgnilek@ohaganmeyer.com
Nicholas M. Grether, Esq. (SBN 268848)
ngrether@ohaganmeyer.com
O'HAGAN MEYER LLP
4695 MacArthur Court, Suite 210
Newport Beach, CA 92660
Telephone: (949) 942-8500
Facsimile: (949) 942-8510

Attorneys for Defendants,
REDSHELF, Inc. and GREGORY FENTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALVINDER MATHARU, an individual, | CASE NO. |
| Plaintiff, | **NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. § 1441 (DIVERSITY)** |
| v. | |
| REDSHELF, INC., a Delaware Corporation; GREGORY FENTON, an individual; and DOES 1-10, inclusive, | *From the Superior Court of the State of California, County of Orange, Case No. 30-2019-01041994-CU-WT-CJC* |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS:**

PLEASE TAKE NOTICE that defendants REDSHELF, Inc. and GREGORY FENTON ("Defendants") hereby remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California.

As required by 28 U.S.C. §1446(d), Defendants will file in Superior Court and serve upon plaintiff MALVINDER MATHARU ("Plaintiff") and his counsel of record a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court (with these removal papers attached).

Defendants are entitled to remove this action to federal court pursuant to 28 U.S.C. § 1441 based on the following:

## COMMENCEMENT OF THE STATE COURT ACTION

1. On January 3, 2019, Plaintiff Malvinder Matharu ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Orange, captioned *Malvinder Matharu v. RedShelf, Inc., Gregory Fenton, and Does 1-10*, No. 30-2019-01041994-CU-WT-CJC (the "State Court Action"). A true and complete copy of the complaint in the State Court Action is attached hereto as Exhibit 1 (the "Complaint").

2. On February 12, 2019, Defendants were sent a copy of the Complaint and a summons from the State Court Action with two notice of acknowledgment and receipt forms. Defendants' counsel executed and returned copies of the notice of acknowledgment and receipt on March 13, 2019. Pursuant to Cal. Code Civ. Proc. §415.30(c) (c) "[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." Thus, service of the summons was deemed complete on March 13, 2019. A true and complete copy of the executed notices of acknowledgement and receipt is attached hereto as Exhibit 2-3.

## THE STATE COURT ACTION IS REMOVABLE ON DIVERSITY GROUNDS

3. The State Court Action is removable to this Court because there is complete diversity of citizenship between the parties, the amount in controversy exceeds $75,000 (exclusive of interest and costs), and the Central District of California encompasses the same place in which the State Court Action is currently pending (i.e., Orange). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such an action is pending."). This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 due to the diverse citizenship of the parties and the amount in controversy.

4. The Plaintiff in this case is Malvinder Matharu, who is domiciled in the State of California.

5. The named Defendants in this case, RedShelf, Inc, and Gregory Fenton, have non-California citizenship. "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). RedShelf is incorporated in the State of Delaware and has its principal place of business in the State of Illinois. *See* Complaint ¶ 2; Exhibit 4 (Delaware Secretary of State, Certificate of Incorporation). Defendant Fenton is domiciled in Illinois. *See* Complaint ¶ 3.

6. Although the Complaint purports to name ten Doe defendants, the citizenship of Doe defendants "shall be disregarded" for purposes of the removability analysis. 28 U.S.C. § 1441(b)(1).

7. Accordingly, there is complete diversity of citizenship between the parties in this case: the Plaintiff is a citizen of California, the named Defendants are citizens of Illinois and Delaware, and the presence of the Doe defendants does not defeat original diversity jurisdiction as a matter of law.

8. This case is also removable because the amount in controversy exceeds the jurisdictional minimum. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); 28 U.S.C. § 1446(a) (requiring only "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in [the state court] action"). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Dart*, 135 S. Ct. at 551. Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 554; *see also Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (mere preponderance).

9. It is apparent on the face of the Complaint that the State Court Action involves an amount in controversy exceeding "the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). The dispute concerns the termination of Plaintiff's employment and allegations that Defendants failed to pay Plaintiff $8,749.52 in wages and a $100,000 bonus. *See* Complaint ¶¶ 85, 93. Plaintiff claims a broad range of damages, including "[g]eneral damages in excess of $25,000 . . . special damages for lost income, medical expenses and other out of pocket expenses." *Id.* at 21-22. Plaintiff also seeks attorneys' fees and punitive damages (*id.*), which are included in the amount in controversy for purposes of the jurisdictional analysis. *See, e.g., Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998)

## NOTICE OF REMOVAL IS TIMELY

10. Pursuant to California Code of Procedure Section 415.30(c), service of the Summons was deemed complete on March 13, 2019. In accordance with 28 U.S.C. § 1446(b), Defendants filed this removal action within 30 days of March 13, 2019. The removal is, therefore, timely. *Madren v. Belden, Inc.*, No. 12-CV-01706-

RMW, 2012 WL 2572040, at *2 (N.D. Cal. July 2, 2012), citing *Murphy Bros., Inc, v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999) ("Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it 'assures defendants adequate time to decide whether to remove an action to federal court.'"). *See* Complaint Exhibits 2-3 Signed Notices and Acknowledgement of Receipt on behalf of Defendants.

### THE CENTRAL DISTRICT IS THE PROPER VENUE FOR REMOVAL

11. This Central District of California constitutes the appropriate venue for removal because the State Court Action is pending in Orange County, California. *See* 28 U.S.C. § 1441(a).

### COMPLIANCE WITH 28 U.S.C. § 1446

12. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and a copy of all process, pleadings, and orders on record in the State Court Action is attached hereto as Exhibits 1, 5.

13. This Notice of Removal has been filed within the period prescribed by 28 U.S.C. § 1446(b) and (c)(1)—i.e., within thirty days of service of the Complaint and summons on Defendants, and within one year of the commencement of the State Court Action.

14. All Defendants consent to the removal of the State Court Action to this Court. *See, e.g., Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) (in the Ninth Circuit, only "one attorney of record [need] sign the notice and certify that the remaining defendants consent to removal" and "the notice of removal can be effective without individual consent documents on behalf of each defendant").

15. Concurrently with the filing of this Notice (or promptly thereafter), Defendants will give written notice to Plaintiff and will file a copy of this Notice with the clerk of the Superior Court of the State of California for the County of Orange.

16. Defendants do not waive, and expressly preserve, all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

DATED: April 12, 2019          O'HAGAN MEYER

By: /s/ Nicholas M. Grether
Matthew C. Sgnilek
Nicholas M. Grether
Attorneys for Defendants REDSHELF, Inc.
and GREGORY FENTON

# CERTIFICATE OF SERVICE

I, Nicholas Grether, state:

I am a citizen of the United States and employed in California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 4695 MacArthur Court, Suite 210, Newport Beach, CA 92660. On April 12, 2019, I served a copy of the within document:

**NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. § 1441 (DIVERSITY)**

☒   I hereby certify that on the below date., I electronically file the notice list, and I hereby verify that I have mailed the forgoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list (if any).

I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 12, 2019, at Newport Beach, California.

/s/ Nicholas M. Grether
Nicholas M. Grether